UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIE LEE JAMES-WILLIAMS,

    Plaintiff,

v.                                                Case No. 8:17-cv-3083-T-23CPT

FLAD INVESTMENTS, LLLP,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

This cause is before me on referral for consideration of Plaintiff/Appellant Willie Lee James-Williams' *Motion for Permission to Appeal In Forma Pauperis and Affidavit* (IFP Motion). (Doc. 32). For the reasons discussed below, I respectfully recommend that James-Williams' IFP Motion be denied.

I.

James-Williams initiated this action in December 2017 seeking to challenge a transfer of her homestead property to FLAD Investments, LLLP (FLAD). (Doc. 1). Contemporaneously with the filing of her complaint, James-Williams moved for leave to proceed *in forma pauperis*, which the Court denied without prejudice. (Docs. 2, 13, 17). James-Williams thereafter filed an amended complaint, purporting to assert claims for conversion of personal property and "injunction." (Doc. 22). Upon FLAD's motion (Doc.

24), to which James-Williams failed to respond, the Court dismissed the action in November 2018 for lack of subject matter jurisdiction (Doc. 25). James-Williams subsequently sought to reopen the case (Doc. 26), but the Court denied that motion on January 2, 2019 (Doc. 28).

James-Williams timely filed a notice of appeal of the Court's January 2 Order. (Doc. 29). The Eleventh Circuit, however, dismissed that appeal for want of prosecution on February 26, 2019, noting that James-Williams "failed to pay the filing and docketing fees to the district court, or alternatively, file a motion to proceed in forma pauperis in the district court within the time fixed by the rules." (Doc. 31 at 2).

Approximately six weeks later, on April 15, 2019, James-Williams filed the instant IFP Motion with the Clerk of Court for the Eleventh Circuit. (Doc. 32). The Eleventh Circuit subsequently transferred the motion to this Court for disposition. *Id.*

In support of her claim of indigency, James-Williams reports monthly retirement income of $4,777, monthly expenses totaling $5,277, and $125 in her checking accounts. *Id.* She also indicates she has a disabled dependent daughter. *Id.*

II.

Motions to proceed *in forma pauperis* on appeal are governed by both Federal Rule of Appellate Procedure 24 and Section 1915 of Title 28, United States Code. *See Ex parte Chayoon*, 2007 WL 1099088, at *1 (M.D. Fla. Apr. 10, 2007). Rule 24(a)(1) sets forth the procedural requirements for such appeals and provides, in pertinent part, that the party seeking leave to proceed *in forma pauperis* must file a motion in the district court with an affidavit that: (A) shows the party's inability to pay or give security for the fees and costs

2

of the appeal, (B) claims an entitlement to redress, and (C) states the issues that the party intends to present on appeal. Fed. R. App. P. 24(a)(1).

Section 1915 specifies the substantive requirements for appellants claiming to be indigent. *Hagner v. Seminole County*, 2007 WL 3407387, at *1 (M.D. Fla. Nov. 13, 2007) (citing *Brown v. Pena*, 441 F. Supp. 1382, 1384 (S.D. Fla. 1977)), *aff'd*, 589 F.2d 1113 (5th Cir. 1979)).[1] Among other things, that section permits a district court to authorize an "appeal . . . without prepayment of fees or security therefor" when the person appealing submits an affidavit that lists all of her assets and that evidences her inability to tender such fees and security. 28 U.S.C. § 1915(a)(1). Within this framework, a district court has "wide discretion" to grant or deny an application to proceed *in forma pauperis,* and in civil cases for damages, the privilege should be granted "sparingly." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (per curiam) (quotation omitted). In this context, an individual need not show she is "absolutely destitute" to qualify for indigent status under section 1915. *Id.* (citation omitted). Rather, an affidavit of indigency "will be held sufficient if it represents that the litigant, because of [her] poverty, is unable to pay for the court fees and costs, and to support and provide necessities for [herself] and [her] dependents." *Id.*

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions rendered before the close of business on September 30, 1981.

Section 1915 further provides, however, that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). To satisfy this "good faith" standard, the appealing party must demonstrate that any issue she seeks to pursue is "not frivolous when examined under an objective standard." *Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859 (11th Cir. 2008).[2] "[A]n IFP action is frivolous, and thus not brought in good faith, if it is 'without arguable merit either in law or fact.'" *Ghee*, 271 F. App'x at 859-60 (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)).

### III.

As an initial matter, James-Williams does not show she is indigent. Her monthly income of $4,777 (more than $57,000 annually) places her well above the 2019 poverty level for a family of two.[3] (Doc. 32 at 3). Although her purported monthly expenses of $5,277 exceed that income amount, she appears to have doubly counted her grocery/food costs, certain utilities, and two loans in arriving at this total. *Id.* at 4 (reporting $800 for utilities, $500 for food, $106 and $424 for "loans auto-personal," and an additional $1,232 for "grocery. . . electric, car loan, loan . . ."). Based on these disclosures, I cannot find that James-Williams is unable to pay a filing fee without undue hardship.

---

[2] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

[3] The 2019 federal poverty guideline for a family of two is $16,910. *Poverty Guidelines*, U.S. DEPT. OF HEALTH & HUMAN SERVS., https://aspe.hhs.gov/poverty-guidelines (last visited June 20, 2019).

In addition to this threshold infirmity, James-Williams' appeal to the Eleventh Circuit has been dismissed since February 26, 2019 (Doc. 31), and this Court is not empowered to set aside that dismissal. Rather, James-Williams must seek such relief directly from the Eleventh Circuit. *See* 11th Cir. R. 42-1, 42-2. Her belated request for *in forma pauperis* status does not rectify the fact that the Eleventh Circuit's case currently stands closed.[4]

Even assuming *arguendo* that the Eleventh Circuit would be inclined to reopen James-Williams' case, she presents no arguable, good faith basis to challenge the Court's January 2 Order. Her Notice of Appeal (Doc. 29) contains no explanation regarding the issues she intends to present on appeal. Fed. R. App. P. 24(a)(1). Nor does her IFP Motion. (Doc. 32). Instead, she simply reiterates her general grievances against FLAD. *Id.* at 1. Because her IFP Motion provides no grounds to support an appeal and no basis to conclude the Court erred in dismissing her amended complaint for lack of subject-matter jurisdiction, I find her appeal lacking in good faith.

## IV.

For the reasons outlined above, I recommend the Court:

1. Deny James-Williams' *Motion for Permission to Appeal In Forma Pauperis and Affidavit* (Doc. 32); and

---

[4] I note that James-Williams' motion to reinstate her appeal remains pending before the Eleventh Circuit. *James-Williams v. FLAD Investments*, No. 19-10262 (11th Cir.)

2. Direct the Clerk to notify the Court of Appeals of its ruling in accordance with Rule 24(a)(4) of the Federal Rules of Appellate Procedure.

Respectfully submitted this 21st day of June 2019.

*Christopher P. Tuite* (signature)
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies furnished to:
Honorable Steven D. Merryday, Chief United States District Judge
Counsel of record
*Pro se* Plaintiff